UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA
(Philadelphia)

| | |
|---|---|
| IN RE:<br>CHRISTINA E. IZZI,<br><br>　　　　　　　Debtor. | Case No.   25-13502-djb<br><br>Chapter  7 |
| FIRST NATIONAL BANK OF OMAHA,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>CHRISTINA E. IZZI,<br><br>　　　　　　　Defendant. | **COMPLAINT SEEKING EXCEPTION TO DISCHARGE PURSUANT TO 11 U.S.C. §523 (a) (2) (C) and/or §523 (a) (2) (A)**<br><br>A.P.  No. 25-ap-_____.<br><br>Hon. Judge Baker |

　　　The Plaintiff, First National Bank of Omaha, by and through its attorney, and for its Complaint against the Debtor, avers and alleges as follows:

**I. Parties and Jurisdiction**

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §1334 and §157.
2. This matter is a core proceeding pursuant to 28 U.S.C. §157.
3. The Debtor filed a Petition, and an Order for Relief was entered under 11 U.S.C Chapter 7 on September 3, 2025.
4. The Plaintiff is a named creditor in the above referenced bankruptcy proceeding and is objecting to the discharge of a debt in this bankruptcy.
5. The Plaintiff consents to entry of final orders or judgment by the bankruptcy court.

## II. Facts and Background

6. The Debtor, Christina E. Izzi, was issued a credit card account by First National Bank of Omaha, number xxxx-xxxx-xxxx-0455, which account was opened on June 4, 2025.

7. On June 10, 2025, the account was in good standing and the balance of the abovementioned account was $0.00.

8. Then between June 10, 2025 and June 11, 2025, i.e., in two days, the Debtor started charging excessively and charged $12,500.00 on the Account, which reached her available credit limit. *See* Exhibit A, a true and accurate copy of the billing statements attached hereto.

9. The Debtor's charges on these accounts during this time period, included twenty-five (25) $500.00 charges to BetMGM Online.

*See* Exhibit A, a true and accurate copy of the billing statements attached hereto.

10. The Debtor never made a single payment on the Account after it was opened and after making the above-charges.

11. The Debtor listed this Account in her Schedules as only having a balance of $1,500.00.

12. The Debtor incurred the above-debt after she had intended on filing this bankruptcy.

13. Given the Debtor's monthly income, monthly living expenses, and circumstances as set forth in her sworn Schedules and sworn Statement of Financial Affairs, at the time the Defendant incurred the abovementioned $12,500.00 in transactions, the Debtor's monthly disposable income was not sufficient to pay for these transactions pursuant to the terms and conditions associated with the account.

## III. First Cause of Action

14. Paragraphs 1 through 13 are hereby repeated and incorporated as if fully set forth herein.

15. The Debtor made approximately $12,500.00 in purchases on the abovementioned account within 90 days of filing bankruptcy.

16. To the extent that the Debtor incurred luxury good purchases or services aggregating more than $800.00 within ninety days of filing this Chapter 7 bankruptcy, said luxury good purchases or services are presumed nondischargeable pursuant to 11 U.S.C. §523 (a) (2) (C)(i).

17. Based on the location, frequency, and large transactions, the charges made during the 90-day period appear to be for luxury and/or non-necessity type goods or services.

18. Upon information and belief, the $12,500.00 in charges made during the 90-day period were for luxury and/or non-necessity type goods or services and should not be discharged.

19. Based on the foregoing, the charges incurred for luxury goods or services over $800.00 are non-dischargeable pursuant to 11 U.S.C. §523 (a) (2) (C).

### IV. Second Cause of Action

20. Paragraphs 1 through 19 are hereby repeated and incorporated as if fully set forth herein

21. Pursuant to the account agreement, the Debtor agreed to repay Plaintiff for the charges on the account by using the card and represented that he had the ability to repay for the charges.

22. When the Debtor made the $12,500.00 in transactions on the account, the Debtor represented that she had the intention to repay said debt to the Plaintiff pursuant to the terms of the account agreement and by use of the card.

23. The account statements are marked Exhibit A and attached hereto.

24. The Plaintiff relied upon the Debtor's representations of intent to repay the Plaintiff pursuant to the terms of the account agreement and representations of agreement to abide by the terms of the account agreement in allowing the Debtor to use the account and incur the charges on the Account, as set forth in Exhibit A, attached hereto.

25. Although the Debtor knew or should have known that she would not be able to repay Plaintiff for these charges, the Debtor opened this Account right before her bankruptcy filing, then started charging excessively on the account, was making large transactions, was making multiple transactions on the same days, never made a single payment, and then filed for bankruptcy protection a second time in an attempt to have this debt discharged.

26. The Debtor's spending habits and patterns changed suddenly and drastically during the relevant time period.

27. The Debtor either deliberately intended to deceive Plaintiff or acted recklessly with regard to her ability to pay Plaintiff for the $12,500.00 in transactions.

28. The Plaintiff monitored the Defendant's card activity and credit worthiness on a monthly basis and there were no indications and/or "red flags" indicating that Defendants would not repay Plaintiff for these charges.

29. The Plaintiff was justified in its reliance upon the Debtor's representations of intent to repay the Plaintiff pursuant to the terms of the account agreement and representations of agreement to abide by the terms of the account agreement.

30. The Debtor incurred the abovementioned $12,500.00 in transactions on the Plaintiff's account at a time when the Debtor was unable to meet her existing financial obligations as they became due.

31. Based upon the above, at the time the Debtor incurred the abovementioned $12,500.00 in transactions, the Debtor intended to deceive the Plaintiff in that she either had no intention to repay said debt to the Plaintiff pursuant to the terms of the account agreement or the Debtor knew or should have known that she had no ability to repay said debt to the Plaintiff.

32. Based upon the above, at the time the Debtor incurred the abovementioned $12,500.00 in transactions, the Debtor deceived the Plaintiff in that she made such representations of intent to repay the Plaintiff pursuant to the terms of the account agreement and representations of agreement with knowledge that the debtor was unable to repay Plaintiff or to abide by the terms of the account agreement with a reckless disregard as to the truthfulness of said representations.

33. Therefore, the Debtor obtained said money from the Plaintiff by false pretenses, false representation, or actual fraud, and at the time of filing, the debt owed to the plaintiff was in the amount of $12,500.00 and for the above reasons, this indebtedness to Plaintiff, First National Bank of Omaha, is nondischargeable in bankruptcy pursuant to 11 U.S.C. §523 (a) (2) (A).

### VI. Prayer for Relief

**WHEREFORE,** Plaintiff, First National Bank of Omaha, respectfully prays that this Court:

A. Determine that the Debtor's indebtedness to the Plaintiff is an exception to discharge pursuant to 11 U.S.C. §523 (a) (2) (C) and/or 11 U.S.C. §523 (a) (2) (A).

B. Grant judgment to the Plaintiff, First National Bank of Omaha, against the Debtor, Christina E. Izzi, the amount of $12,500.00 plus the $350.00 Adversary Proceeding filing fee, for a total of $12,850.00, plus the Plaintiff's other costs and disbursements incurred f this action as permitted by applicable law, and

C. Grant the Plaintiff such other and further relief as to this Court seems just and proper.

Dated: December 4, 2025

        FEIN, SUCH, KAHN & SHEPARD, P.C.

        By: /s/ Brian W. Kincaid Esq.
        Brian W. Kincaid Esq.
        Attorney ID : 53776
        Attorney For Plaintiff, FIRST NATIONAL BANK OF OMAHA
        7660 Imperial Way, Suite 121
        Allentown, PA 18195