UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA
(Philadelphia)

| | |
|---|---|
| IN RE:<br>CHRISTINA E. IZZI | Case No. 25-13502-djb |
| Debtor. | Chapter 7 |
| FIRST NATIONAL BANK OF OMAHA<br><br>Plaintiff, | COMPLAINT SEEK EXCEPTION TO DISCHARGE PURSUANT TO 11 U.S.C. §523(a) (2) (c) and/or §523 (a) (2) (A) |
| v.<br><br>CHRISTINA E. IZZI | A.P. No. 25-ap- 00244 _____ |
| Defendant | Hon. Judge Baker |

**ANSWER TO COMPLAINT**

Debtor, Christina Izzi, by and through her Attorney, Gary E. Thompson, Esquire, hereby responds to Plaintiff's Complaint as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

## **FACTS AND BACKGROUND**

6. Admitted in part. Denied in part. It is admitted the Debtor was issued a credit card account by Plaintiff. Answering Party is unable to Affirm or Deny the exact date the account was opened. As such, that averment is specifically Denied and Strict proof is demanded at time off trial.

7. Admitted.

8. Admitted in Part. Denied in Part. It is admitted that Debtor took multiple cash advances on the card on the dates in question. It is specifically denied that the cash advances were excessive. To the extent this averment refers to a written document, said written document speaks for itself.

9. Denied. It is specifically denied that the Debtor made any charges/purchases on the account. By way of further averment, Debtor did take twenty-five (25) cash advances on the card for purposes of crediting her online gambling account BetMGMOnline.

10. Admitted.

11. Admitted.

12. Denied. The allegations contained herein are conclusions of law to which no response is required. Strict proof is demanded at time of trial. By way of further averment, it was approximately ninety (90) days after the aforementioned cash advances that Debtor filed her bankruptcy.

13. Denied. The allegations contained herein are conclusions of law to which no response is required. Strict proof is demanded at time of trial.

## **FIRST CAUSE OF ACTION**

14. Denied as stated.

15. Denied. The allegations contained herein are conclusions of law to which no response is required. Strict proof is demanded at time of trial. By way of further averment, the charges in question were in the nature of multiple cash advances for purposes of crediting her online gambling account with BetMGMOnline.

16. Denied. The allegations contained herein are conclusions of law to which no response is required. Strict proof is demanded at time of trial. By way of further averment, the charges in question were in the nature of multiple cash advances for purposes of crediting her online gambling account with BetMGMOnline.

17. Denied. The allegations contained herein are conclusions of law to which no response is required. Strict proof is demanded at time of trial. By way of further averment, the charges in question were in the nature of multiple cash advances for purposes of crediting her online gambling account with BetMGMOnline.

18. Denied. The allegations contained herein are conclusions of law to which no response is required. Strict proof is demanded at time of trial. By way of further averment, the charges in question were in the nature of multiple cash advances for purposes of crediting her online gambling account with BetMGMOnline.

19. Denied. The allegations contained herein are conclusions of law to which no response is required. Strict proof is demanded at time of trial. By way of further averment, the

charges in question were in the nature of multiple cash advances for purposes of crediting her online gambling account with BetMGMOnline.

## SECOND CAUSE OF ACTION

20. Denied as stated.

21. Denied. The account agreement, as a written document, speaks for itself.

22. Denied. The allegations contained herein are conclusions of law to which no response is required. Strict proof is demanded at time of trial. By way of further averment, the charges in question were in the nature of multiple cash advances for purposes of crediting her online gambling account with BetMGMOnline.

23. Denied. The account agreement, as a written document, speaks for itself.

24. Denied. Answering party is unable to Affirm or Deny what Plaintiff relied upon. As such those allegations are specifically denied and strict proof is demanded at time of trial.

25. Denied. The allegations contained herein are conclusions of law to which no response is required. Strict proof is demanded at time of trial. By way of further averment, the charges in question were in the nature of multiple cash advances for purposes of crediting her online gambling account with BetMGMOnline.

26. Denied. The allegations contained herein are conclusions of law to which no response is required. Strict proof is demanded at time of trial. By way of further averment, the charges in question were in the nature of multiple cash advances for purposes of crediting her online gambling account with BetMGMOnline.

27. Denied. The allegations contained herein are conclusions of law to which no response is required. Strict proof is demanded at time of trial. By way of further averment, the charges in question were in the nature of multiple cash advances for purposes of crediting her online gambling account with BetMGMOnline.

28. Denied. Answering party is unable to Affirm or Deny what Plaintiff relied upon. As such those allegations are specifically denied and strict proof is demanded at time of trial. By way of further averment, the fact that Debtor was permitted to make twenty-five (25) cash withdraws in a two (2) day period to online gambling account should have resulted in a "red flag" to monitor the account.

29. Denied. The allegations contained herein are conclusions of law to which no response is required. Strict proof is demanded at time of trial.

30. Denied. The allegations contained herein are conclusions of law to which no response is required. Strict proof is demanded at time of trial.

31. Denied. The allegations contained herein are conclusions of law to which no response is required. Strict proof is demanded at time of trial.

32. Denied. The allegations contained herein are conclusions of law to which no response is required. Strict proof is demanded at time of trial.

33. Denied. The allegations contained herein are conclusions of law to which no response is required. Strict proof is demanded at time of trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Debtor / Defendant, Christine Izzi respectfully preys this Honorable Court grant Judgment in her favor and against the Plaintiff, First National Bank of Omaha.

                                                     CAROSELLA & ASSOCIATES, P.C.

    12/12/25                     /s/ Gary E. Thompson

Date_____          _____
                                                Gary E. Thompson, Esquire
                                                Attorney for Defendant